**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| Rosalyn D. Nguyen, | : |
| Plaintiff, | :    **CASE NO.:** _____ |
| vs. | : |
| | :    **COMPLAINT** |
| General Motors LLC, | : |
| Defendant. | : |

For this Complaint, the Plaintiff Rosalyn D. Nguyen, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action by the purchaser of a new 2022 GMC Sierra 1500 vehicle manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to her vehicle's defects and Defendant's failure to honor the terms of its warranty.

2.     The Plaintiff would not have purchased the subject vehicle had she been made aware of the subject vehicle's defects.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.     This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00 in

damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant is subject to personal jurisdiction in this District and where Defendant, as principal, directs and controls warranty repairs on covered vehicles through its agents consisting of a dealership network located in this District.

6.      Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

**PARTIES**

7.      Plaintiff Rosalyn D. Nguyen was, at all relevant times, an adult individual who resides in Albuquerque, New Mexico, and who purchased the subject vehicle in Albuquerque, New Mexico, which was manufactured or sold by Defendant. Plaintiff is a citizen of New Mexico.

8.      Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit, Michigan 48226. At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of New Mexico and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

**FACTUAL ALLEGATIONS**

9.      On May 21, 2022, Plaintiff purchased a new 2022 GMC Sierra 1500 equipped

with the L87 6.2L V-8 engine, Vehicle Identification Number 1GTPUEEL7NZ519617 (hereafter the "Vehicle") from Quality Buick GMC, an authorized GM dealership in Albuquerque, New Mexico (hereinafter "Quality Buick GMC"), for personal use.

10.     The purchase price of the Vehicle, inclusive of all finance charges paid as of this date, exceeds $75,000.00.

11.     Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

12.     Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile period following such vehicle delivery to consumer. Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile period following such vehicle delivery to consumer.

13.     On May 21, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle, at which time it showed only 7 delivery miles.

14.     Since the time of Vehicle delivery to the present, the Vehicle has suffered from a chronic and progressive engine oil consumption defect and ultimately required full engine replacement under warranty.

15.     On February 22, 2024, at approximately 14,512 miles, Plaintiff brought the Vehicle to Quality Buick GMC and complained the Vehicle was losing oil. Quality Buick GMC noted on arrival that the engine oil level was 1 quart low, topped off to full, and initiated an oil

3

consumption test.

16.     On July 24, 2024, at approximately 18,226 miles, Plaintiff returned to Quality Buick GMC for continued oil consumption monitoring. During that visit, Quality Buick GMC noted again Plaintiff's concern regarding engine oil consumption, checked engine oil level, checked engine for external leaks, and topped off oil level to full.

17.     On September 5, 2024, at approximately 19,468 miles, Plaintiff returned to Quality Buick GMC to conclude the 1,000-mile oil consumption drive test. Quality Buick GMC found that the oil level was 1 quart low from the last test, deemed the test result inconclusive, and started a new test.

18.     On October 3, 2024, at approximately 20,160 miles, Plaintiff again returned to Quality Buick GMC to conclude the follow-up oil consumption drive test. Quality Buick GMC noted the oil level was low 1 quart from the last test, with no leaks observed, and that engine had consumed 1 quart of oil over the approximately 1,000-mile interval. During that visit, Quality Buick GMC performed no repair and directed Plaintiff to return for further monitoring.

19.     On April 22, 2025, at approximately 25,210 miles, Plaintiff returned the Vehicle to Quality Buick GMC with a concern that the Vehicle continued to consume engine oil. Upon inspection, Quality Buick GMC found no oil leaks but noted the Vehicle was 3½ quarts low on oil. Quality Buick GMC found evidence of oil burning on cylinder #5 and attempted a repair by replacing the Vehicle's engine.

20.     During this repair, the Vehicle was out of service for thirty-seven (37) days and ready for pick up on May 28, 2025.

21.     By a letter dated September 19, 2025, Plaintiff, through her counsel, sent a letter to Defendant advising it that her Vehicle suffered from the aforementioned defects and that

4

Defendant failed to repair these defects within a reasonable time under Defendant's warranty, and demanded relief.

22. The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

23. Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the problems with the Vehicle.

24. The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

### FIRST CAUSE OF ACTION

**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act,
15 U.S.C. §2301, *et seq.***

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

27. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

28. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

29. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

30. 15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

31. Defendant has failed to remedy the subject vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

32.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.* and N.M. Stat. Ann. § 55-2-314

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Defendant is a merchant with respect to motor vehicles.

35.     The Vehicle was subject to an implied warranty of merchantability, as defined in N.M. Stat. Ann. § 55-2-314, running from the Defendant to the Plaintiff.

36.     An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

37.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

38.     Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

39.     As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## THIRD CAUSE OF ACTION

### Breach of Express Warranty, N.M. Stat. Ann. § 55-2-313

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

41.     In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

42.     Plaintiff relied on Defendant's warranty when she agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

43.     Plaintiff submitted her vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the defects under the Vehicle's warranty as described herein within a reasonable period of time.

44.     Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

45.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

46.     The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

47.     The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had she known, prior to the time of purchase, that the subject vehicle contained these defects.

48.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of her vehicle, and a diminution in the value of the subject vehicle containing the defects identified

herein.

## FOURTH CAUSE OF ACTION

### Revocation of Acceptance, N.M. Stat. Ann. § 55-2-608

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

51.     After numerous opportunities by Defendant to cure, it has become apparent that said defects cannot be seasonably cured.

52.     The defects substantially impair the value of the Vehicle to the Plaintiff.

53.     Plaintiff hereby notifies Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

54.     Defendant has nevertheless failed to make a good-faith response to this demand.

55.     As a result of Defendant's conduct, the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION

### New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.*

56.     The Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

57.     At all relevant times, Defendant engaged in "trade" or "commerce" within the State of New Mexico, including the advertising, offering for sale, distribution, and servicing of motor vehicles, as defined by N.M. Stat. Ann. § 57-12-2.

58.     The New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-3, prohibits unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce.

59. Defendant engaged in unfair and deceptive trade practices by knowingly failing to disclose, and actively concealing, a material defect in the Vehicle's engine resulting in excessive oil consumption and premature engine failure. This defect poses an unreasonable safety risk, exposes consumers to significant repair costs, and materially diminishes the vehicle's value.

60. Defendant further misrepresented the subject vehicle as reliable, safe, and of high quality, despite its knowledge of the defect.

61. Defendant's omissions and misrepresentations were material. A reasonable consumer would consider the existence of such a defect important in deciding whether to purchase the vehicle and at what price.

62. Defendant's conduct constitutes unfair or deceptive trade practices in violation of N.M. Stat. Ann. § 57-12-3, including, but not limited to:

    a. Representing that the vehicle has characteristics, uses, benefits, or qualities that it does not have, in violation of N.M. Stat. Ann. § 57-12-2(D);

    b. Representing that the vehicle is of a particular standard or quality when it is of another, in violation of N.M. Stat. Ann. § 57-12-2(D); and

    c. Using deceptive representations in connection with the sale of goods, in violation of N.M. Stat. Ann. § 57-12-2(D).

63. Defendant's deceptive conduct was knowing and willful. Defendant was aware of the defect through pre-sale testing, internal analyses, consumer complaints, warranty data, and repair records, yet continued to market and sell the vehicles without disclosure.

64. As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff suffered actual damages, including but not limited to diminished vehicle value, out-of-pocket repair expenses, loss of use, and other economic damages.

9

65.     Plaintiff would not have purchased the vehicle, or would have paid substantially less for it, had Defendant disclosed the defect.

66.     Pursuant to N.M. Stat. Ann. § 57-12-10, Plaintiff is entitled to recover actual damages. Defendant's conduct was willful and knowing, warranting the imposition of up to three times actual damages (treble damages), plus reasonable attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a.   An order approving revocation of acceptance of the subject vehicle;

b.   Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c.   Incidental and consequential damages;

d.   Punitive damages;

e.   Reasonable attorney's fees;

f.   Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 15, 2026

ROSALYN D. NGUYEN, Plaintiff

By:    /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

10